UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

SANDRA RAMIREZ,                                        CASE NO.:

       PLAINTIFF,

v.

WAL-MART, INC.,

       DEFENDANT.
_____/

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant, Walmart Inc., incorrectly spelled as Wal-Mart, Inc. ("Defendant"), by and through undersigned counsel, hereby removes the above-captioned action from the 11th Judicial Circuit Court in and for Miami-Dade County, Florida, styled as *Sandra Ramirez v. Wal-Mart Stores East, LP*, Case No. 2023-016588-CA-01, to the United States District Court for the Southern District of Florida, Miami Division.  As set forth below, there is complete diversity of the parties to this lawsuit pursuant to 28 U.S.C. §§ 1332 and 1441.  Further, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because Defendant has satisfied the procedural requirements for removal.  In support of this Notice of Removal, Defendant states the following:

**I.     FACTUAL BACKGROUND**

On May 11, 2023, Plaintiff commenced her state-court action against Defendant by filing her Complaint in the 11th Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2023-016588-CA-01 ("State Court Action").  A copy of the Complaint is attached hereto as **Exhibit A**.

On June 1, 2023, Defendant was served with the Complaint in the State Court Action.  A copy of the Return of Service is attached hereto as **Exhibit B**.

CASE NO.:

The Complaint brings the following Counts under the Florida Civil Rights Act ("FCRA"): Count I: discrimination based on age; Count II: hostile work environment; Count III: sex/gender discrimination; and Count IV: retaliation.

## II. REMOVAL IS PROPER BECAUSE THERE IS COMPLETE DIVERSITY BETWEEN THE PARTIES

Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – citizens of different States."  This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

### A. Citizenship of Sandra Ramirez

Plaintiff is a resident of the State of Florida.  [Ex. A, ¶ 3].  Although the Complaint does not specifically state Plaintiff's citizenship, "[i]t is well established that a party's residence is *prima facie* evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship."  *Katz v. J.C. Penney Corp.*, Case No. 09-CV-60067, 2009 U.S. Dist. LEXIS 51705, *8 (S.D. Fla. Jun. 1, 2009).

Plaintiff's State of Florida residence is *prima facie* evidence of her domicile, which is equivalent to citizenship for purposes of establishing diversity in this case.  *See Katz,* 2009 U.S. Dist. LEXIS 51705 at *8.

### B. Citizenship of Defendant

At all material times, Defendant was and is a Delaware corporation and maintains its principal place of business in Bentonville, Arkansas.

## III. AMOUNT IN CONTROVERSY

The amount in controversy in this suit exceeds $75,000, exclusive of interest and costs.

In Counts I-IV of the Complaint, Plaintiff seeks (1) back pay, (2) front pay, (3)

compensatory damages for emotional distress and mental anguish, (4) punitive damages, and (5) attorneys' fees. [Ex. A at Prayer for Relief immediately following ¶¶ 38, 45, 54, and 61].

In determining whether the amount in controversy is greater than $75,000, "the appropriate measure is the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint." *Jackson v. America Bankers Ins. Co.*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997). "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F. 3d 1316, 1319 (11th Cir. 2001).[1]

### A. Back Pay

Plaintiff seeks back pay in Counts I-IV of the Complaint. At the time of Plaintiff's termination of employment with Defendant on June 16, 2021, her rate of pay was $15.51 per hour. *See* Declaration of Store Manager, Hector Romero, attached as **Exhibit C**, at ¶ 5. Further, as of the date of Plaintiff's termination, she was a full-time employee working approximately 40 hours per week. *Id.* at ¶ 6. Therefore, Plaintiff was earning approximately $620.40 per week (40 hours * $15.51 per hour). As such, between the date of Plaintiff's termination on June 16, 2021, and an estimated trial date of one year after the removal of this case (July 1, 2024) (159 weeks at $620.40 per week), Plaintiff is seeking back pay in the sum of $98,643.

### B. Front Pay

Plaintiff seeks front pay in Counts I-IV of the Complaint. Front pay is a form of equitable relief awarded to an ex-employee in lieu of reinstatement. *Penalver v. Northern Elec., Inc.*, Case

---

[1] Defendant vigorously opposes Plaintiff's allegations of wrongdoing or liability and denies that Plaintiff is entitled to any relief or damages from Defendant, and, in filing this Notice of Removal, Defendant does not concede that any amount is owed to Plaintiff. But for the purpose of removal, Defendant includes all of Plaintiff's claimed damages.

CASE NO.:

No. 12-80188-CIV-COHN/SELTZER, 2012 U.S. Dist. LEXIS 53662, *6 (S.D. Fla. Apr. 17, 2012); *Brown v. Am. Express Co.*, 09-61758-CIV, 2010 U.S. Dist. LEXIS 18245, 2010 WL 527756, at *5 (S.D. Fla. Feb. 10, 2010). The value of such equitable relief "for amount in controversy purposes is the monetary value of the object of the litigation that would flow to the plaintiff[ ] if the [requested relief] were granted." *Penalver*, 2012 U.S. Dist. LEXIS 53662, *6-7 (quoting *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 973 (11th Cir. 2002)). As with back pay, if Plaintiff prevails on any of her claims for unlawful termination as alleged in Counts I-IV of the Complaint, and Plaintiff satisfies her duty to mitigate her damages by diligently seeking similar substitute employment, an award of front pay for between **12 and 18** months after trial begins would be within reason. *Hudson*, 473 F. Supp. 2d at 1303 (awarding front pay for 18 months beginning the day before trial). Plaintiff's $15.51 hourly rate for 12 months (52 weeks) of full-time work would total $32,260 in front pay ($620.40 per week * 52 weeks).

    **C.  Emotional Pain and Suffering/Compensatory Damages**

In Counts I-IV of the Complaint, Plaintiff seeks compensatory damages for emotional distress. The FCRA allows for an award of compensatory damages "including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, and punitive damages." Fla. Stat. §760.11(5). There is no statutory limitation on a compensatory damages award under the FCRA. *See id.* While Defendant does not believe that Plaintiff suffered emotional distress, courts have awarded amounts exceeding $75,000 for employment claims comparable to Plaintiff's claims in this suit. *See*, *e.g.*, *Munoz v. Oceanside Resorts, Inc.*, 223 F. 3d 1340 (11th Cir. 2000) (upholding jury verdict awarding $150,000 in emotional damages); *Hill v. Xerox Corp.*, 998 F. Supp. 1378 (N.D. Fla. 1998) (upholding a jury verdict of $457,000 for emotional distress). A conservative estimate for "garden variety" emotional distress damages is $25,000.

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

### D. Punitive Damages

In Counts I-IV of the Complaint, Plaintiff seeks punitive damages. The FCRA permits an award of punitive damages up to $100,000. *See* Fla. Stat. §760.11(5). While Defendant does not believe that Plaintiff should be awarded punitive damages, potential punitive damages are properly included for the purpose of determining the amount in controversy. *Penalver*, 2012 U.S. Dist. LEXIS 53662 at *8-9.

### E. Attorneys' Fees

In Counts I-IV of the Complaint, Plaintiff seeks attorneys' fees. The FCRA permits a prevailing party an award of attorneys' fees. *See* Fla. Stat. §760.11(5). While Defendant disagrees that Plaintiff will prevail in this case, nonetheless, when a statute authorizes a court to award attorneys' fees to a prevailing party, the amount in controversy includes consideration of the amount of those fees. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). A conservative estimate of Plaintiff's attorneys' fees in this case is $75,000.

This evidence demonstrates that Plaintiff's claimed damages in the instant case are approximately $330,903, as follows:

| Type of Damages | Amount |
| --- | --- |
| Back pay | $98,643 |
| Front pay (12 months) | $32,260 |
| Compensatory damages | $25,000 |
| Punitive damages | $100,000 |
| Attorneys' fees | $75,000 |
| **Total** | **$330,903** |

Accordingly, Defendant has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

CASE NO.:

### IV.     REMOVAL IS PROCEDURALLY CORRECT

In accordance with 28 U.S.C. § 1446(b)(1), Defendant files this Notice of Removal within thirty days of the date that it was served with Plaintiff's Complaint, which was June 1, 2023. [Ex. B]. The Complaint is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based. The thirty-day period commenced on June 1, 2023, when Defendant was served with the Complaint.

Venue exists in the United States District Court for the Southern District of Florida, Miami Division, because the 11th Judicial District in and for Miami-Dade County, Florida, where Plaintiff filed her Complaint, is located within the United States District Court for the Southern District of Florida, Miami Division.

Defendant is the only named Defendant and is the only Defendant served in this lawsuit. Pursuant to 28 U.S.C. § 1446(a), copies of all processes, pleadings and orders in the State Court Action are attached hereto as **Composite Exhibit D**. Furthermore, pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be served on Plaintiff, the only adverse party, and a copy will be filed in the State Court Action.

### V.      RESERVATION OF RIGHTS

This Notice of Removal does not waive any objections that Defendant may have regarding defects in service of process, jurisdiction, venue, or any other defense, including filing a motion to dismiss the Complaint for failure to state a claim.

Defendant expressly reserves the right to state additional grounds for removal and to provide such additional evidence as may be required to support the grounds asserted in this Notice of Removal.

CASE NO.:

## VI. CONCLUSION

This action is removable because complete diversity exists pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Upon filing of this Notice of Removal, Defendant will promptly give written notice to Plaintiff, through his attorneys of record, and the Clerk of the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida.

WHEREFORE, Defendant respectfully requests that this Notice of Removal be accepted as good and sufficient basis as required by law, and that the State Court Action, Case No. 2023-016588-CA-01, on the docket of the 11th Judicial Circuit in and for Miami-Dade County, Florida, be removed from that court to the United States District Court for the Southern District of Florida, Miami Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all other relief to which Defendant is justly entitled.

Respectfully submitted,

**LIEBLER, GONZALEZ & PORTUONDO**
*Attorneys for Defendant*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

By:   */s/ Derek H. Sparks*
CHRISTINE M. MANZO
Florida Bar No. 52121
cmm@lgplaw.com
DEREK H. SPARKS
Florida Bar No. 11434
dhs@lgplaw.com

CASE NO.:

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of June, 2023, I caused the foregoing document to be electronically filed with the Clerk of Court using CM/ECF and caused the foregoing document to be served on Plaintiff through Plaintiff's counsel of record in the State Court Action at the email address noted below:

Jason S. Remer, Esq.
Remer, Georges-Pierre
& Hoogerwoerd, PLLC
2745 Ponce de Leon Blvd.
Coral Gables, FL 33134
jremer@rgph.law
*Attorneys for Plaintiff*

*/s/ Derek H. Sparks*
DEREK H. SPARKS