# Exhibit A

                                                              IN THE CIRCUIT COURT OF THE
                                                              11TH JUDICIAL CIRCUIT IN AND FOR
                                                              MIAMI DADE COUNTY, FLORIDA

SANDRA RAMIREZ,                                   Case No.: _____

Plaintiff,

v.

WAL-MART, INC.,

Defendant.

_____/

## COMPLAINT

      COMES NOW, the Plaintiff, SANDRA RAMIREZ, ("Plaintiff"), by and through the undersigned counsel, and pursuant to Rule 1.040, Florida Rules of Civil Procedure, hereby files this Civil Action against the Defendant, WAL-MART, INC., ("Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $50,000 excluding attorney fees or costs, pursuant to the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq.* ("FCRA"), to redress injuries resulting from Defendant's unlawful, discriminatory treatment of Plaintiff.

2. Plaintiff is a person within a class of individuals protected by the FCRA.

3. Plaintiff was and continues to be a resident of Hialeah, Florida; and was an employee of Defendant, performs duties as a member of the cleaning crew for the Defendant, within a company operated business facilitated, located in Miami Gardens, Florida.

4. Defendant is an "employer" pursuant to Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01, et seq., ("FCRA") because it employs fifteen (15) or more employees for

the applicable statutory period; and thus, it is subject to the employment discrimination provisions of the applicable statutes.

5. Plaintiff was at all times relevant to this action, working for Defendant in Miami Dade County, Florida, within the jurisdiction of this Honorable Court.

6. Venue is proper in Miami Dade County under Section 47.011 and 47.051, Florida Statutes, because all of the actions complained of herein occurred within the jurisdiction of Miami Dade County, Florida and damages are in Miami Dade County, Florida.

7. Plaintiff timely filed a charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC), the agency which is responsible for investigating claims of employment discrimination.

8. All conditions precedent for the filing of this action before this Court have indeed been previously met, including the exhaustion of all pertinent administrative procedures and remedies. Plaintiff has received a Notice of Right to Sue from the EEOC.

## FACTUAL ALLEGATIONS

9. Plaintiff is a 53-year-old female.

10. Plaintiff is a member of a protected class because of her age and gender.

11. In 2005, Plaintiff began working for Defendant as a cashier, then transferred to a Deli Worker position.

12. On or about March 2021, Jessica, a 30-year-old female, became Plaintiff's supervisor in the deli.

13. The young supervisor changed Plaintiff's schedule from morning shifts to night shifts, even though newly hired employees typically worked these shifts.

14. When Plaintiff informed her supervisor that new employees are typically are given night shifts, the supervisor told Plaintiff that her years of experienced were worthless, she did not care how **old** Plaintiff was, and that she was going to make Plaintiff work nights anyways.

15. The supervisor told Plaintiff that if she did not accept the changes in her schedule, her hours would be reduced and she would lose her full-time benefits.

16. On or about March 2021, Plaintiff was written up by her supervisor for failing to supervise and instruct new employees, despite the fact that Plaintiff was not a supervisor.

17. On or about May 2021, Plaintiff was sexually harassed by employee R. Perez, when she was cleaning a freezer. Plaintiff was sexually touched and victimized.

18. When Plaintiff reported the sexual harassment incident to Defendant through Plaintiff's manager, nothing was done. Management said to Plaintiff that the harassment must have occurred because there was an inappropriate relationship between herself and Perez.

19. A few days after Plaintiff reported the sexual harassment incident, Plaintiff was written up again by this same supervisor clearly in retaliation for her complaints of discrimination and sexual harassment.

20. On or about May 15, 2021, Plaintiff requested off of work until May 25.

21. Another supervisor, Jonathan, approved Plaintiff's vacation.

22. On or about May 22, 2021, Plaintiff learned that she was scheduled on the days that she was approved for time off of work when she logged onto Defendant's scheduling platform.

23. Plaintiff complained of the conflicting information surrounding her time off and was told by Human Resources that there would be an investigation.

24. On or about June 3 2021, Plaintiff was terminated. Defendant informed Plaintiff that her termination was due to her not coming into work on the days which coincided with those she had requested off of work and were originally approved by Jonathan.

25. Plaintiff was terminated based on age discrimination and/or gender discrimination/sexual harassment and/or in retaliation for her complaints of sexual harassment.

26. Throughout her employment, Plaintiff was able to perform the essential functions of her job duties and responsibilities.

27. At all relevant times, Plaintiff performed her job at satisfactory or above-satisfactory levels.

28. Any reasons proffered by Defendant for her termination are mere pretext for unlawful discrimination.

## COUNT I
### *DISCRIMINATION BASED ON AGE*
### *IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT*

29. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 28 above as if set out in full herein.

30. At all times material hereto, the Defendant failed to comply with FCRA Section 760.10 which states, "[i]t is an unlawful employment practice for an employer: to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's…age…"

31. The discrimination of Plaintiff by Defendant was on the basis of Plaintiff's age.

32. At all relevant times, Defendant was aware that Plaintiff was above the age of forty (40) years old.

33. At the time of the discrimination suffered by Plaintiff, Plaintiff did perform and excelled at the performance of the essential functions of her position.

34. Plaintiff was qualified for her position.

35. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered economic losses as well as emotional pain and suffering.

36. Any alleged nondiscriminatory reason asserted by Defendant for the treatment of Plaintiff is mere pretext for the actual reason of failing to promote Plaintiff – Plaintiff's age.

37. Defendant's actions were malicious and recklessly indifferent to Plaintiff's rights asserted by the FCRA.

38. The foregoing actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief against the Defendant:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of age;

D. Reinstate PLAINTIFF to the same position she held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I. Grant PLAINTIFF'S costs of this action, including reasonable attorney's fees;

J. Grant PLAINTIFF a trial by jury;

K. Grant such other and further relief as the Court deems just and proper.

## COUNT II
### HOSTILE WORK ENVIRONMENT
### IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

39. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 28 above as if set out in full herein.

40. Defendant is employer as that term is used under applicable statutes referenced above.

41. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under the FCRA.

42. Plaintiff is within a protected class as envisioned by the FCRA.

43. Defendant is liable for this conduct, either vicariously or directly, where Plaintiff complained to management about the harassment and abuse and no remedial or disciplinary action was undertaken.

44. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits,

embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

45. These damages are continuing and are permanent.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the following relief against the Defendant:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D. Reinstate PLAINTIFF to the same position he held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I. Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

J. Grant PLAINTIFF a trial by jury; and

K. Grant such other and further relief as the Court deems just and proper.

## COUNT III
### *SEX/GENDER DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT*

46. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 28 above as if set out in full herein.

47. Plaintiff was sexually harassed at work and complained about the harassment to Defendant.

48. Defendant failed to conduct an investigation in to the sexual harassment.

49. The conduct to which Plaintiff was subjected by Defendant was the direct and proximate result of Plaintiff's gender .

50. Defendant's alleged bases for its adverse conduct against Plaintiff and Plaintiff's termination are pretextual and asserted only to cover up the discriminatory nature of its conduct.

51. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's termination, which reasons it does not have, Plaintiff's gender and was a motivating factor for Defendant's adverse conduct toward Plaintiff and Plaintiff's termination.

52. As a result of the discriminatory conduct and discriminatory termination to which Plaintiff was subjected, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages in the form of back pay and front pay, lost benefits, and compensatory damages.

53. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

54. Plaintiff further seeks her attorney's fees and costs as permitted by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of an individual's gender, by and through her sex;

B. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest, front/future wages, and other remuneration for mental pain, anguish, pain and humiliation; and

C. Award any other compensation allowed by law including punitive damages, and/or attorney's fees and/or court costs.

## COUNT IV
### RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

55. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 28 above as if set out in full herein.

56. Defendant is an employer as the term is used under the applicable statutes referenced above.

57. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under the FCRA.

58. The foregoing unlawful actions by Defendant were purposeful.

59. Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter. There is a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

60. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

61. These damages are continuing and permanent.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the following relief against the Defendant:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D. Reinstate PLAINTIFF to the same position he held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I. Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

J. Grant PLAINTIFF a trial by jury; and

K. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: May 5, 2023                    Respectfully submitted,

/s/ *Jason Remer*
Jason S. Remer, Esq.
Florida Bar No.: 0165580
JRemer@rgph.law
**REMER, GEORGES-PIERRE,
& HOOGERWOERD, PLLC**
2745 Ponce De Leon Blvd
Coral Gables, FL 33134
Telephone: (305) 416-5000
Facsimile: (305) 416-5005
*Counsel for Plaintiff*