UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

SANDRA RAMIREZ,                                    CASE NO.: 1:23-cv-22444-RNS

        PLAINTIFF,

v.

WALMART INC.,

        DEFENDANT.
_____/

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND SUPPORTING MEMORANDUM OF LAW**

Defendant, WALMART, INC., through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), files its Motion to Dismiss Plaintiff's Complaint and Supporting Memorandum of Law, and states as follows:

1. Plaintiff's Complaint should be dismissed because it fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Attached as **Exhibit A** is Plaintiff's Complaint filed in state court and removed to this Court on June 30, 2023. [ECF No. 1-2].

2. Plaintiff's claims for age discrimination in violation of the Florida Civil Rights Act ("FCRA") (Count I) and sex discrimination in violation of the FCRA (Count III) fail because the Complaint alleges no facts showing that Plaintiff suffered differential treatment based on her age or sex.

3. Plaintiff's claims for age and sex discrimination (Counts I and III) further fail because the Complaint alleges no comparators, let alone a comparator outside Plaintiff's protected classes who is similarly situated to Plaintiff in all material respects and was treated more favorably than Plaintiff, as is required to survive dismissal.

4.　　Plaintiff's claims for retaliation in violation of the FCRA (Counts II and IV) fail because the Complaint states no facts showing that Plaintiff was terminated because she engaged in any protected activity.

## **MEMORANDUM OF LAW**

Motions to dismiss are designed to test the sufficiency of a plaintiff's complaint. The bare minimum a plaintiff must set forth in her complaint is found in Fed. R. Civ. P. 8. Under Rule 8, "[a] pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The United States Supreme Court explained in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), that while particularity is not required under Fed. R. Civ. P. 8, as it is under Fed. R. Civ. P. 9, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Instead, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570).

A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). In short, to survive a motion to dismiss a plaintiff ***must*** allege something more "than an unadorned, the-defendant-unlawfully-harmed-me accusation" that is simply a "formulaic recitation of the elements of a cause of action…." *Id*. (quoting *Twombly*, 550

U.S. at 555).

The Eleventh Circuit utilizes a two-pronged approach in its application of the holdings in *Iqbal* and *Twombly*. First, the court will "eliminate any allegations in the complaint that are merely legal conclusions." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). Then, "where there are well-pleaded factual allegations," the court will "'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Further, the court can infer "'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n*, 605 F.3d at 1290 (quoting *Iqbal*, 556 U.S. at 682) (brackets omitted).

In the employment context, "[a]lthough a plaintiff need not satisfy the *McDonnell Douglas*[1] framework at the pleading stage in order to state a claim for disparate treatment, the ordinary rules for assessing the sufficiency of a complaint [still] apply." *Uppal v. Hosp. Corp. of Am.*, 482 F. Appx. 394, 396 (11th Cir. 2012) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002); *see also Davis v. Coca–Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) ("Although a Title VII complaint need not allege facts sufficient to make out a classic *McDonnell Douglas prima facie* case, it must provide enough factual matter (taken as true) to suggest intentional … discrimination.").

**I.   Plaintiff's claims for age discrimination in violation of the FCRA (Count I) and sex discrimination in violation of the FCRA (Count III) fail because the Complaint alleges no facts showing that Plaintiff suffered differential treatment based on her age or sex.**

The ADEA makes it unlawful for an employer to "discharge any individual or otherwise

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under this framework, the plaintiff must first establish a *prima facie* case, which creates a presumption of unlawful discrimination against the employee. The employer may then rebut that presumption with legitimate, non-discriminatory reasons for the adverse employment actions. The employee must then proffer sufficient evidence to create a genuine issue of material fact that the defendant's articulated reasons are pretextual.

discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).[2] It is similarly unlawful under Title VII to discharge or otherwise discriminate against an individual "because of such individual's sex…." 42 U.S.C. § 2000e–2(a)(1).[3] A plaintiff pursuing a claim under either statute can establish her employer's discrimination with either direct or circumstantial evidence. *Johnson v. Walt Disney Parks & Resorts U.S., Inc.*, No. 619CV2139ORL31EJK, 2020 WL 10354021, at *2 (M.D. Fla. May 12, 2020)

Where, as here, a plaintiff seeks to establish intentional age or sex discrimination based on circumstantial evidence, the courts analyze ADEA and Title VII claims under the *McDonnell Douglas* burden-shifting framework. *Johnson*, 2020 WL 10354021, at *2 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973)). Under that framework, a plaintiff must first state a *prima facie* case of age discrimination by establishing that she was (1) a member of the protected group of persons between the ages of forty and seventy, (2) subjected to an adverse employment action, (3) qualified to do the job, and (4) replaced by a younger individual. *Horn v. United Parcel Servs., Inc.*, 433 F. App'x 788, 792 (11th Cir. 2011) (describing the first step of the *McDonnell Douglas* burden-shifting analysis). Under the *McDonnell-Douglas* framework for sex discrimination, the plaintiff is required to establish a *prima facie* showing that she was subject to different treatment, and that such treatment was based on her sex. *Debose v. Fla., Dep't of Child. & Fams.*, No. 105-CV-00167-MP-AK, 2008 WL 3926858, at *4 (N.D. Fla. Aug. 20, 2008) (citing *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 254 (1981)).

However, a plaintiff asserting unlawful age or sex discrimination is not required to

---

[2] "Courts employ the same analysis when evaluating age discrimination claims under the ADEA and FCRA." *Cardelle v. Miami Beach Fraternal Order of Police*, 593 F. App'x 898, 901 n.6 (11th Cir. 2014).
[3] "[B]ecause the FCRA is based on Title VII, decisions construing Title VII apply to the analysis of FCRA claims." *Johnson v. Miami-Dade Cty.*, 948 F.3d 1318, 1325 (11th Cir. 2020).

establish a *prima facie* case of the employer's liability to survive a motion to dismiss. *Johnson*, 2020 WL 10354021, at *2 (citing *Swierkiewicz*, 534 U.S. at 510 (2002)) (noting that the "burden-shifting analysis is an evidentiary standard, not a pleading requirement, and thus it applies only to summary judgment motions and beyond"). Rather, to avoid dismissal, a plaintiff's complaint must "provide enough factual matter to plausibly suggest **intentional discrimination**." *Id*. (citation omitted) (emphasis added); *see also Davis v. Coca–Cola Bottling Co. Consol.*, 516 F.3d 955, 974-75 (11th Cir. 2008) (stating that a complaint "must provide enough factual matter [taken as true] to suggest intentional … discrimination"). Further, the complaint must provide facts showing that "the protected characteristic is 'the but-for cause of differential treatment.'" *Babb v. Sec'y, Dep't of Veterans Affs.*, 992 F.3d 1193, 1199 (11th Cir. 2021) (quoting *Babb v. Wilkie*, 140 S. Ct. 1168, 1174 (2020). In sum, the complaint must sufficiently allege **facts – not mere conclusions** – showing that the plaintiff was subjected to differential treatment based on her age or sex.

Courts in the Eleventh Circuit routinely dismiss ADEA and Title VII claims where plaintiffs fail to plead adequate facts showing they received differential treatment based on the protected characteristic. In *Abrams-Jackson v. Avossa*, the Southern District of Florida dismissed the plaintiff's age discrimination claim because "the Complaint d[id] not provide anything more than conclusory allegations about how Plaintiff was treated differently from other similarly situated individuals." *Abrams-Jackson v. Avossa*, No. 16-81624-CIV-MARRA, 2017 WL 1153895, at *7, 2017 U.S. Dist. LEXIS 45477 at *17 (S.D. Fla. Mar. 28, 2017). Similarly, in *Henderson v. Dade County Police Benevolent Association*, the Southern District of Florida granted the defendant's motion to dismiss the plaintiff's race, gender, and national origin discrimination claims because the plaintiff's complaint was "riddled with conclusory allegations of discrimination." *Henderson*, 2014 WL 3591600, at *9. Further, in *Caputo-Conyers v. Berkshire*

CASE NO.: 1:23-cv-22444-RNS

*Realty Holdings, LP*, the court dismissed the plaintiff's pregnancy discrimination claim because she failed to allege that she was treated differently than a non-member of the protected class. *Caputo-Conyers v. Berkshire Realty Holdings, LP*, No. 6:05CV341ORL31KRS, 2005 WL 1862697, at *5 (M.D. Fla. Aug. 2, 2005). Finally, in *Segovia v. Hollister Co.*, the Southern District of Florida granted the employer's motion to dismiss the plaintiff's pregnancy discrimination claim and reasoned as follows:

> Here, Plaintiff's assertions that she was terminated "on account of her pregnancy and sex" (Complaint at ¶ 13) and that "Defendant's conduct in terminating [her] was willful and intentional" (Id. at ¶ 14) are ***conclusory statements lacking factual support***. Viewing these allegations in the light most favorable to Plaintiff, she has failed to allege a claim of pregnancy discrimination.

*Segovia v. Hollister Co.*, No. 17-20945-CIV, 2017 WL 9324775, at *3 (S.D. Fla. June 16, 2017) (emphasis added).

Plaintiff's Complaint here does not contain any specific facts of differential treatment. Instead, the Complaint merely states the following conclusions in an attempt to show that Plaintiff received differential treatment based on her age or sex:

> 24. On or about June 3[,] 2021, Plaintiff was terminated. Defendant informed Plaintiff that her termination was due to her not coming into work on the days which coincided with those she had requested off of work and were originally approved by Jonathan.
>
> 25. Plaintiff was terminated based on age discrimination and/or gender discrimination/sexual harassment and/or in retaliation for her complaints of sexual harassment.
>
> 31. The discrimination of Plaintiff by Defendant was on the basis of Plaintiff's age.
>
> 51. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiffs termination, which reasons it does not have, Plaintiff's gender and was a motivating factor for Defendant's adverse conduct toward Plaintiff and Plaintiff's termination.

[Exh. A, ¶¶ 24-25, 31, 51]. These allegations fall far short of stating sufficient facts to plausibly

suggest that Walmart intentionally discriminated against Plaintiff because of her age or sex.

As in the host of cases cited above, Plaintiff's age and sex discrimination claims are "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that are merely a "*formulaic recitation* of the elements of a cause of action…." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555) (emphasis added). Therefore, Counts I and III fail to state a claim for age or sex discrimination. *See also Johnson*, 2020 WL 10354021, at *3 (dismissing age discrimination claim because the amended complaint "lacks the necessary factual allegations to raise her right to relief above the speculative level").

**II.** **Plaintiff's claims for age discrimination (Count I) and sex discrimination (Count III) further fail because the Complaint does not allege a similarly-situated comparator**.

To plead a case of discrimination based upon disparate treatment, the plaintiff must allege facts plausibly showing that: 1) she was a member of a protected class; 2) she was subjected to an adverse employment action; and 3) her employer treated similarly situated employees outside the protected class differently or more favorably." *Bargoot v. Sch. Bd. of Palm Beach Cnty.*, No. 21-80849-CIV, 2022 WL 293313, at *4 (S.D. Fla. Feb. 1, 2022).

In *Shelley*, the Eleventh Circuit confirmed the ***necessity*** of pleading a similarly situated comparator and explained, "[w]e have noted before that 'discrimination is a comparative concept – it requires an assessment of whether like (or instead different) people or things are being treated differently.'" *Shelley v. Wesleyan Coll.*, No. 21-10264, 2021 WL 4553021, at *3 (11th Cir. Oct. 5, 2021) (quoting *Lewis v. City of Union City*, 918 F.3d 1213, 1223 (11th Cir. 2019) (en banc)). "To prove that an employer treated a similarly-situated individual outside the employee's protected class more favorably, the employee must show that she and her proffered comparators were 'similarly situated in ***all material respects***.'" *Id*. (emphasis added). "Generally, a similarly-situated comparator will engage in the same basic conduct as the plaintiff, will be subject to the

same policies, will have the same supervisors, and will share the plaintiff's employment or disciplinary history." *Id*.

The Complaint here fails to make any allegations about any comparators, let alone comparators who were similarly situated to Plaintiff in all material respects, as is required to survive dismissal. It naturally follows that the complete absence of any comparator allegations in the Complaint warrants dismissal under Eleventh Circuit precedent. Indeed, dismissal is consistently affirmed or granted where the plaintiff at least attempts to set forth conclusory (albeit insufficient) allegations about supposed comparators. *See Uppal v. Hosp. Corp. of Am.*, 482 F. App'x 394, 396 (11th Cir. 2012) (affirming dismissal of race discrimination case where plaintiff "never once supplement[ed] the[] allegations of disparate treatment with any factual detail, such as even a brief description of how the alleged comparator employees were outside of her protected class"); *Bargoot*, 2022 WL 293313, at *4 (dismissing count of amended complaint alleging discrimination based on disparate treatment "for failing to allege a similarly situated comparator"); *Veale v. Fla. Dep't of Health*, No. 2:13-CV-77-FTM-38UAM, 2013 WL 5703577, at *5 (M.D. Fla. July 29, 2013) (granting motion to dismiss where plaintiff "simply stated that there were other employees that were similarly situated, outside her protected class, who received more favorable treatment"); *Scribner v. Collier Cty.*, No. 2:10-cv-728-FTM-29DNF, 2011 WL 2746813, at *4 (M.D. Fla. July 14, 2011) (granting motion to dismiss where plaintiff's allegations were "conclusory" and did "not include factual allegations" to show that the comparator was "similarly situated"). Accordingly, for the separate and independent reason that the Complaint fails to allege any comparators, let alone sufficient comparators, Counts I and III fail to state a claim.

**III.    Plaintiff's claims for retaliation in violation of the FCRA (Counts II and IV) fail because the Complaint states no facts showing that Plaintiff was terminated because she engaged in any protected activity**.

To establish a *prima facie* case of retaliation, a plaintiff must show: (1) that she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) the adverse action was causally related to the protected activity. *Greene v. Sch. Bd. of Broward Cty.*, 2014 U.S. Dist. Lexis 111664 (S.D. Fla. 2014) (citing *Webb-Edwards v. Orange Cty. Sheriff's Office*, 525 F.3d 1013, 1028 (11th Cir. 2008). While a plaintiff need not make out a *prima facie* case to survive dismissal, she must still satisfy basic pleading standards to allege the elements of retaliation. *Conner v. City of Naples Airport Auth.*, No. 2:21-CV-332-SPC-NPM, 2021 WL 4593791, at *2 (M.D. Fla. Oct. 5, 2021) citing *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1270-71 (11th Cir. 2004).

Here, the Complaint is devoid of any facts showing that Plaintiff was terminated because she complained about alleged discrimination or because she engaged in any other protected activity. The Complaint further fails to allege who made the decision to terminate Plaintiff's employment, let alone that the decisionmaker was aware of any complaints that Plaintiff made to Walmart. For this reason alone, Plaintiff's retaliation claim fails. *See Uppal v. Hosp. Corp. of Am.*, 482 F. App'x 394, 397 (11th Cir. 2012) (affirming dismissal of retaliation claim where plaintiff did not allege that decisionmaker was aware of alleged protected activity); *Brungart v. BellSouth Telecommunications, Inc.*, 231 F.3d 791, 799 (11th Cir. 2000) (to satisfy the causation element of a retaliation claim, "the plaintiff must generally show that the decision maker was aware of the protected conduct at the time of the adverse employment action"). Instead of stating any facts, the Complaint merely concludes that "Plaintiff was terminated based on age discrimination and/or gender discrimination/sexual harassment and/or in retaliation for her complaints of sexual harassment." [Exh. A, ¶ 25]. Moreover, Count II is styled as 'Hostile Work Environment in Violation of the Florida Civil Rights Act,' but the allegations in Count II attempt to address only

retaliation. [*See* Exh. A at ¶¶ 41, 43, and 44]. Therefore, despite the heading of Count II, the Complaint does not even seek to state a claim for hostile work environment sexual harassment.

In sum, Counts II and IV are wholly conclusory and, therefore, fail to state a retaliation claim. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555 (to survive dismissal, a complaint must include more than "the-defendant-unlawfully-harmed-me" allegations that are simply a "formulaic recitation of the elements of a cause of action")).

## CONCLUSION

For the reasons discussed above, Defendant, WALMART, INC., respectfully requests that the Court dismiss the Complaint, with prejudice, without leave to amend, and award Defendant such other relief as the Court deems appropriate.

Respectfully submitted,

**LIEBLER, GONZALEZ & PORTUONDO**
*Attorneys for Defendant*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

By:  */s/ Derek H. Sparks*
CHRISTINE M. MANZO
Florida Bar No. 52121
DEREK H. SPARKS
Florida Bar No. 11434
dhs@lgplaw.com

CASE NO.: 1:23-cv-22444-RNS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 21st, 2023, I caused the foregoing document to be electronically filed with the Clerk of Court using CM/ECF, which will send a notice of electronic filing to the following:

Jason S. Remer, Esq.
Michael T. Wojnar, Esq.
Remer, Georges-Pierre
& Hoogerwoerd, PLLC
2745 Ponce de Leon Blvd.
Coral Gables, FL 33134
jremer@rgph.law
mwojnar@rgph.law
*Attorneys for Plaintiff*

               */s/ Derek H. Sparks*
               DEREK H. SPARKS