UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:23-cv-22444-RNS

SANDRA RAMIREZ,

    Plaintiff,

v.

WAL-MART INC.,

    Defendant.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

The Plaintiff, SANDRA RAMIREZ, (hereinafter "Plaintiff"), by and through the undersigned counsel, files this response in opposition to Wal-mart Inc., (hereinafter "Defendant"), Motion to Dismiss, [E.C.F. No. 12]. Plaintiff states the following in support thereof:

### I.    INTRODUCTION

Plaintiff brings a four-count complaint for discrimination and retaliatory discharge under the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, ("FCRA"), premised on Plaintiff's age and sex. The Plaintiff was employed with Defendant since 2005 as a cashier before her transfer to the deli. Before her retaliatory termination on June 3, 2021, Plaintiff was sexually assaulted and discriminated due to her age. The Plaintiff was treated differently than other similarly situated individuals. Other individuals outside Plaintiff's protected class, comparators, were allowed better hours of employment, a lesser level of scrutiny as to employment tasks and had increased autonomy over their employment environment. The Defendant improperly places defenses, arguments, and claims within the Defendant's Motion to Dismiss, which will be assessed and responded to appropriately within the body of the Plaintiff's Argument below. The Plaintiff

objects to, and denies, all characterizations of the Plaintiff's Complaint made by the Defendant within the Defendant's Motion to Dismiss. [E.C.F. No. 12]. Defendant further includes factors that are wholly inconsistent with procedure because all facts appropriately pleaded in Plaintiff's Complaint must be taken as true, all facts as brought forth by Defendant must not be considered as valid pleadings on a Motion to Dismiss.

## II. LEGAL STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions," *Iqbal*, 556 U.S. at 679, yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *See Twombly*, 550 U.S. at 557. "[T]he standard 'simply calls for

enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element," *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (citation omitted), "[a]nd, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (citation omitted).

A court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Warren v. District of Columbia*, 359 U.S. App. D.C. 179, 353 F.3d 36, 37 (D.C. Cir. 2004); *Kingman Park*, 348 F.3d at 1040. In ruling on a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations-including mixed questions of law and fact-as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 357 U.S. App. D.C. 223, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Development v. Ashcroft*, 357 U.S. App. D.C. 35, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292 F.3d at 242.

> a. ***Plaintiff has pled sufficient facts to show differential treatment based on age and sex***

Here, the problem for Defendant is it completely misconstrues Plaintiff's age and sex discrimination claim and provides this Court with the wrong elements to survive a motion to dismiss. To wit, Plaintiff's Complaint meets the requisite elements by showing the specific facts and instances of differential treatment:

> 13. The young supervisor changed Plaintiff's schedule from morning shifts to night shifts, even though newly hired employees typically worked these shifts.
>
> 14. When Plaintiff informed her supervisor that new employees are typically are given night shifts, the supervisor told Plaintiff that her years of experienced were worthless, she did not care how old Plaintiff was, and she was going to make Plaintiff work nights anyways.

> 17. On or about May 2021, Plaintiff was sexually harassed by employee R. Perez, when she was cleaning a freezer. Plaintiff was sexually touched and victimized.
>
> 18. When Plaintiff reported the sexual harassment incident to Defendant through Plaintiff's manager, nothing was done. Management said to Plaintiff that the harassment must have occurred because there was an inappropriate relationship between herself and Perez.
>
> 19. A few days after Plaintiff reported the sexual harassment incident, Plaintiff was written up again by this same supervisor clearly in relation for her complaints of discrimination and sexual harassment.

[Def. Motion to Dismiss, Exh. A ¶¶13-14,17-19]. The Defendant failed to address these allegations and furthermore allegations 24(describing the retaliatory termination),25,31, and 51 are likewise sufficiently pled to survive a motion to dismiss and shows differential treatment. Plaintiff has sufficiently pled and in the alternative argues that the pleading requirements set forth by Defendant are still met under the Complaint despite their erroneous standards. Plaintiff continues to contend that the standards set forth by the Defendant are untimely. Even so, the case in *Babb* supports the sufficiency of what was alleged in Plaintiff's Complaint:

In the course of rejecting one of the government's arguments before it in *Babb*, the Supreme Court specifically explained that its ruling did "not mean that age must be a but-for cause of the ultimate outcome." 140 S. Ct. at 1174 n.3. Rather, "[i]f, at the time when the decision is actually made, age *plays a part*, then the decision is not made 'free from' age discrimination." *Id*.

*Babb v. Sec'y, Dep't of Veterans Affs*., 992 F.3d 1193, at 1204 (11th Cir. 2021).

Defendant also improperly argues that "intentional discrimination" is what is required at this stage. Only the **suggestion of intentional race discrimination** at most, is what would be required"a Title VII complaint need not allege facts sufficient to make out a classic *McDonnell Douglas* prima facie case," but must "provide 'enough factual matter (taken as true) to suggest' intentional race discrimination." *Davis v. Coca-Cola Bottling Co*., 516 F.3d 955, 974 (11th Cir. 2008) (dismissing some of plaintiffs' claims where plaintiffs presented no facts to support complaint's statement that plaintiffs were denied promotions and treated differently because of

4

race). By reason of these allegations, Plaintiff has plainly stated a claim for differential treatment based on her age and sex-based discrimination. Defendant's Motion to Dismiss must be denied in its entirety.

> b. *Plaintiff has sufficiently pled allegations in Count I and Count III and demands for similarly-situated comparators are untimely*

Defendant argues that there is a "necessity of pleading similarly situated comparators." *Shelley v. Wesleyan Coll.*, No. 21-10264, 2021 WL 4553021, at *3 (11th Cir. Oct.5, 2021). At this moment, the argument is not timely. The ruling was in regard to a motion for summary judgment which follows a different standard. This Court should not address arguments which should be argued in a motion for summary judgment.

The Supreme Court has repeatedly emphasized that a plaintiff's initial burden of proving a *prima facie* case—as opposed to demonstrating pretext—is "not onerous." *Patterson v. McLean Credit Union*, 491 U.S. 164, 186 (1989); *Watson v. Fort Worth Bank and Trust*, 487 U.S. 977, 986 (1988); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981). The requirements of a *prima facie* case were, moreover, "never intended to be rigid, mechanized or ritualistic." *Swiekiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002). In other words, an in-depth and exacting analysis of the sufficiency of comparators for purposes of establishing a *prima facie* case departs from these well settled standards. And, further to the point, Plaintiff respectfully suggests that, in line with other courts of appeal across the country, the in-depth and exacting analysis required by the Eleventh Circuit's "nearly identical" test for sufficiency of comparators similarly inadequately serves the remedial purpose of state and federal antidiscrimination laws.

The Eleventh Circuit has noted that "[w]e require that the quantity and quality of the comparator's misconduct be nearly identical to prevent courts from second guessing employers' reasonable decisions and confusing apples with oranges." *Maniccia v. Brown*, 171 F.3d 1364,

5

1368-69 (11th Cir. 1999). However, in the average workforce, an "apples to apples" comparison simply does not exist except in the rarest of circumstances. This standard is virtually unattainable and should not be applied to comparators in discrimination or retaliation cases, whether at the *prima facie* stage or when examining pretext. Departing from this standard does not threaten the business judgment of employers, but acknowledges the reality of the workplace, and the fact that doppelgangers are like unicorns. "As the Supreme Court [] held in the context of a claim of race-based peremptory strikes of jurors, 'a rule that no comparison [among prospective jurors] is probative unless the situation of the individuals compared is identical in all respects' would make claims of discrimination 'inoperable,' because 'potential jurors are not products of a set of cookie cutters.' This reasoning applies with equal force to the employment discrimination context." *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 710 (6th Cir. 2006) (quoting *Miller- El v. Dretke*, 545 U.S. 231, 247 (2005)).

To establish a *prima facie* case of discrimination by disparate treatment, a plaintiff must show: "(1) [he] is a member of a protected class; (2) [he] was subject to an adverse employment action; (3) [his] employer treated similarly situated employees who were not members of [his] protected class more favorably; and (4) [he] was qualified for the job or benefit at issue." *Dixon v. Palm Beach Cnty. Parks & Recreation Dep't*, 343 F. App'x 500, 501 (11th Cir. 2009) (emphasis added). Notably, at this stage of the proceedings, Plaintiff need not plead each element of the prima facie case. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (citing *Swierkiewicz*, 534 U.S. at 511); *see also Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015); *Uppal v. Hosp. Corp. of Am.*, 482 F. App'x 394, 396 (11th Cir. 2012) ("[A] plaintiff need not satisfy the *McDonnell Douglas* framework at the pleading stage in order to state a claim for disparate treatment. . . .").

The *McDonnell Douglas* framework is an evidentiary standard, not a pleading requirement. *See Swierkiewicz v. Sorema, N.A.* 534 U.S. 506, 514 (2002); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-570 (2007) (noting that the Court's holding does not run counter to *Swierkiewicz*, which held that "a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a *prima facie* case of discrimination").

### c. *Plaintiff sufficiently pleads facts showing that Plaintiff was retaliatorily terminated*

As set forth in the arguments above, Plaintiff has been suffering from age and sex discrimination beginning in 2021. This discriminatory treatment continues which culminated in an adverse employment action in the form of discriminatory language based on Plaintiffs age and making the Plaintiff work later shifts despite other similarly situated employees not being subject to the same.

The Plaintiff was sexually assaulted by an employee of Walmart Inc. Plaintiff immediately reported this incident to management and not only was nothing done, but the Plaintiff was written up days later.   Between May 22, 2021 and June 2, 2021, Plaintiff had complained again and was terminated June 3, 2021 which was close in temporal proximity.   Defendant erroneously points to caselaw in *Uppal v. Hosp. Corp. of Am.*, 482 F. App'x 394 (11th Cir. 2012), in support of their argument that the "Complaint further fails to allege who made the decision to terminate the employment let alone the decisionmaker was aware of any complaints…" [E.C.F. 12 at 9]. Plaintiff reported the incident to a manager and **Management responded**. (See *Def. Motion to Dismiss*, Exh. A ¶ 18.) Ultimately the decision maker was a representative of Walmart Inc. already on notice of the treatment as was previously reported to **Management.** Defenses claims to the contrary are without merit.

WHEREFORE, by reason of the foregoing, Defendant's Motion to Dismiss should be **DENIED** at this early stage of the case and determination of said arguments should be reserved for post-discovery motion practice.

DATED this 4th day of August 2023

Respectfully submitted,

/s/: *Michael T. Wojnar*
Michael T. Wojnar, Esquire
Florida Bar No.: 1031406
mwojnar@rgph.law
**Remer, Georges-Pierre & Hoogerwoerd, PLLC**
2745 Ponce De Leon Blvd.
Coral Gables, Florida 33134
Telephone: (305) 416-5000
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 4, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

/s/: *Michael T. Wojnar*
Michael T. Wojnar, Esquire
Florida Bar No.: 1031406

**SERVICE LIST**

**LIEBLER, GONZALEZ & PORTUONDO**
Christine M. Manzo
Florida Bar No.: 52121
cmm@lgplaw.com
Derek H. Sparks
Florida Bar No.: 11434
dhs@lgplaw.com
Courthouse Tower – 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com
Attorneys for Defendant