UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

SANDRA RAMIREZ,                                                CASE NO.: 1:23-cv-22444-RNS

        PLAINTIFF,

v.

WALMART INC.,

        DEFENDANT.
_____/

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION TO DISMISS**

Defendant, WALMART INC. ("Walmart"), through undersigned counsel, files its Reply to Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Complaint, and states as follows:

**I.  The Response fails to rebut the absence of any facts in the Complaint showing that Plaintiff was terminated, or suffered any other adverse employment action, based on her age or sex.**

As a preliminary matter, the Response mistakenly states that Walmart's motion provides the "wrong elements" and "erroneous standards" in assessing the fatal flaws of the Complaint. [*See* ECF No. 16, pp. 3, 4]. The Response, however, concedes that, in order to survive dismissal, the Complaint must "must provide enough factual matter [taken as true] to ***suggest intentional … discrimination***." *Davis v. Coca–Cola Bottling Co. Consol.*, 516 F.3d 955, 974-75 (11th Cir. 2008) (emphasis added); ECF No. 16, pp. 4-5. This the Complaint fails to do.

As in the host of cases cited in Walmart's motion, the Complaint alleges ***mere conclusions – not facts –*** in an attempt to show that Plaintiff was terminated because of her age or sex. The Complaint states that "Defendant informed Plaintiff that her termination was due to her not coming into work on the days which coincided with those she had requested off of work and were

originally approved by Jonathan" [ECF No. 1-2, ¶ 24], and then concludes that "Plaintiff was terminated based on age discrimination and/or gender discrimination/sexual harassment and/or in retaliation for her complaints of sexual harassment." [*Id.*, ¶ 25]. Completely absent from the Complaint are any facts supporting the conclusion that Plaintiff's age or sex played any role in her termination.

A. **The Complaint fails to state a claim for age discrimination**.

The Response argues that the Complaint adequately pleads differential treatment based on Plaintiff's age because a "young supervisor changed Plaintiff's schedule from morning shifts to night shifts, even though newly hired employees typically worked these shifts." [ECF No. 1-2, ¶ 13]. The Response further argues that Plaintiff's supervisor's comment that Plaintiff's "years of experience were worthless, she did not care how old Plaintiff was, and she was going to make Plaintiff work nights anyways," suggests intentional discrimination. These arguments fail.

First, a mere change in shift is not an adverse employment action especially where, as here, the Complaint alleges no facts showing that the shift change resulted in any difference in pay or benefits. *See*, *e.g.*, *Marshall v. Aryan Unlimited Staffing Sol./Fanueil Inc./MC Andrew & Forbs Holding*, No. 12-81404, 2013 WL 836990, at *3 (S.D. Fla. Mar. 6, 2013) ("Nor does the alleged transfer of plaintiff to a night shift, standing alone, describe an 'adverse action' which is actionable under Title VII."); *Williams v. Fla. Dep't of Corr.*, No. 3:09CV213/LAC, 2011 WL 1085030, at *5 (N.D. Fla. Mar. 22, 2011) ("[A] change in work assignment or alteration in one's work shift do not qualify as an adverse action, even if the new assignment or shift may seem less prestigious.").

As for the supervisor's alleged comments to Plaintiff, the Complaint *admits* that Plaintiff's age played *no* role in the supervisor's decision to assign Plaintiff to the night shift. [ECF No. 1-2, ¶ 14 (alleging that Plaintiff's supervisor told Plaintiff that "she did not care how old Plaintiff was

[because] she was going to make Plaintiff work nights anyways"). Therefore, even if the Court were to construe Plaintiff's assignment to the night shift as an adverse employment action (which it should not do), the supervisor made it clear that Plaintiff's age had nothing to do with the decision, as the Response aptly points out.

For the foregoing reasons, and as further discussed in Walmart's motion, the Complaint fails to "provide enough factual matter to plausibly suggest *intentional [age] discrimination*" and, therefore, Count I should be dismissed.

### B.  The Complaint fails to state a claim for sex discrimination.

The Response appears to misunderstand the difference between sex discrimination and retaliation. Completely absent from the Complaint are any allegations that Plaintiff was terminated or that she suffered any other adverse employment action because she is female or that her female gender motivated any such adverse employment action. Instead, according to the Response, the Complaint adequately pleads sex discrimination based on the allegations that: Plaintiff reported a single instance of sexual harassment by a coworker; "nothing was done" in response to Plaintiff's complaint; and a few days after Plaintiff reported the incident, she was written up in retaliation for her complaint. [ECF No. 16, p. 4 (quoting ECF No. 1-2, ¶¶ 17-19)]. These allegations are irrelevant to Plaintiff's claim of sex discrimination based on differential treatment because they fail to state any facts showing that Plaintiff was terminated or suffered any other adverse employment action based, in whole or in part, on her sex. As such, and as discussed in Walmart's motion, Count III fails to state a claim for sex discrimination.

### II.  The Response fails to rebut the absence of any comparators alleged in the Complaint as is necessary to survive dismissal.

The Response mistakenly argues that the "necessity of pleading similarly situated comparators" is not required to withstand a motion to dismiss but instead may only be raised on

summary judgment. [ECF No. 16, p. 5]. On the contrary, as discussed in the motion to dismiss, to **plead** a case of "discrimination based upon disparate treatment, [the] [p]laintiff must allege facts plausibly showing that … her employer treated similarly situated employees outside the protected class differently or more favorably." *Bargoot v. Sch. Bd. of Palm Beach Cnty.*, No. 21-80849-CIV, 2022 WL 293313, at *4 (S.D. Fla. Feb. 1, 2022) (*dismissing* count of amended complaint alleging discrimination based on disparate treatment as "**deficient** for failing to **allege** a similarly situated comparator") (emphasis added);[1] *see also Uppal v. Hosp. Corp. of Am.*, 482 F. App'x 394, 396 (11th Cir. 2012) (affirming dismissal of race discrimination claim where the plaintiff failed to sufficiently allege comparators outside of the plaintiff's protected class who were treated more favorably than the plaintiff).

As in *Bargoot*, Plaintiff's claims for age and sex discrimination fail because the Complaint alleges no comparators, let alone a comparator outside Plaintiff's protected classes who was similarly situated to Plaintiff in all material respects and was treated more favorably than Plaintiff. Indeed, the Response does not even argue that the Complaint sufficiently alleges any comparators. For this additional reason, Counts I and III fail to state a claim and cannot survive dismissal.

**III.    The Response fails to rebut the absence of any allegations showing that the decision maker was aware of any protected activity of Plaintiff.**

The Response does not dispute Walmart's position in its motion that, to survive dismissal of Plaintiff's retaliation claims, the Complaint must allege facts showing that the decision maker was aware of Plaintiff's protected activity. [*See* ECF No. 16, p. 7]. Instead, the Response argues

---

[1] *Bargoot* is an ADA-discrimination case but it applies equally here to Plaintiff's age and sex discrimination claims under the FCRA because "discrimination claims under the ADA, Title VII, and the FCRA are governed by the same burdens of proof and analytical framework." *Tedder v. Inch*, No. 3:19-CV-742-MMH-JRK, 2021 WL 778909, at *11 (M.D. Fla. Mar. 1, 2021) citing *Addison v. Fla. Dep't of Corr.*, 683 F. App'x 770, 773-74 (11th Cir. 2017) ("Claims brought under the FCRA are analyzed under the same standards as Title VII because the FCRA is modeled on Title VII."); *Eskra v. Provident Life & Accident Insurance Co.*, 125 F.3d 1406, 1411 (11th Cir. 1997) (stating that, when evaluating discriminatory treatment, the same analysis applies to ADEA cases as to Title VII cases).

that, based on the allegations that "Plaintiff reported the incident to a manager and Management responded," and "the decision maker was a representative of Walmart Inc.," the Complaint adequately pleads that the person who made the decision to terminate Plaintiff's employment was aware of her protected activity. [*Id*.]. This argument fails.

In an attempt to support this argument, the Response cites to *Uppal v. Hosp. Corp. of Am.*, 482 F. App'x 394 (11th Cir. 2012), which is also cited in Walmart's motion. *Uppal*, however, offers no support for Plaintiff's theory. In *Uppal*, the plaintiff (Dr. Uppal) argued that she pleaded sufficient facts to support her retaliation claim because she lost her emergency room privileges shortly after complaining about discrimination in a letter that she wrote to the CEO. *Uppal*, 482 F. App'x at 397. In rejecting this argument and holding that Dr. Uppal failed to plead a causal connection between her letter and the adverse employment action, the Eleventh Circuit explained that "Dr. Uppal does not allege that the hearing committee [the decision maker who took the adverse employment action against Dr. Uppal] was aware of the letter that she sent to the CEO." *Id*. As such, Dr. Uppal "[has] fail[ed] to allege any kind of causal relationship between the protected conduct and the adverse employment action [and,] [t]his being the case, Dr. Uppal has pleaded no facts to support her retaliation claim, and the district court's dismissal of that claim was proper." *Id*.

The allegations in the Complaint fall short of the deficient allegations in *Uppal*. Unlike in *Uppal*, where the plaintiff identified to whom she complained about discrimination and further identified who specifically terminated her employment, the Complaint here merely alleges that Plaintiff was terminated by an unknown representative of Walmart. [ECF No. 1-2, ¶ 24; ECF No. 16, p. 7]. As such, the Complaint fails to allege that the decision maker had knowledge of Plaintiff's protected activity and, therefore, Counts II and IV for retaliation fail.

CASE NO.: 1:23-cv-22444-RNS

## CONCLUSION

For the reasons discussed above and in the motion to dismiss, Defendant, WALMART INC., respectfully requests that the Court dismiss the Complaint, with prejudice, without leave to amend, and award Defendant such other relief as the Court deems appropriate.

Respectfully submitted,

**LIEBLER, GONZALEZ & PORTUONDO**
*Attorneys for Defendant*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

By: */s/ Derek H. Sparks*
CHRISTINE M. MANZO
Florida Bar No. 52121
DEREK H. SPARKS
Florida Bar No. 11434
dhs@lgplaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 9, 2023, I caused the foregoing document to be electronically filed with the Clerk of Court using CM/ECF, which will send a notice of electronic filing to the following:

Jason S. Remer, Esq.
Michael T. Wojnar, Esq.
Remer, Georges-Pierre & Hoogerwoerd, PLLC
2745 Ponce de Leon Blvd.
Coral Gables, FL 33134
jremer@rgph.law
mwojnar@rgph.law
*Attorneys for Plaintiff*

*/s/ Derek H. Sparks*
DEREK H. SPARKS