United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Sandra Ramirez, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-22444-Civ-Scola |
| | ) |
| Walmart, Inc., Defendant. | ) |

**Order Granting Motion to Dismiss**

Plaintiff Sandra Ramirez complains that Walmart, Inc., her employer, discriminated against her, on the basis of her age and gender, and retaliated against her, when it fired her in June 2021. In her complaint, proceeding under the Court's diversity jurisdiction, Ramirez sets forth four counts, all under the Florida Civil Rights Act: an age-based-discrimination claim (count one); two retaliation claims (counts two and four); and a gender-discrimination claim (count three). (Compl. 1-2.) In responding to Ramirez's complaint, after removing it from state court, Walmart urges dismissal, arguing that Ramirez has failed to allege facts that would support any of her claims under the FCRA. (Def.'s Mot., ECF No. 12.) Ramirez opposes the motion, insisting she has indeed set forth sufficient facts establishing each one of her claims. (Pl.'s Resp., ECF No. 16.) Walmart has timely replied. (Def.'s Reply, ECF No. 17.) After review, the Court agrees with Walmart and **grants** its motion (**ECF No. 12**), thus **dismissing** Ramirez's case.

1. **Background**[1]

At the time she was terminated, in June 2021, Ramirez, in her fifties, had worked for Walmart for over fifteen years, at first as a cashier and then as a deli worker.[2] (Compl. ¶¶ 9, 11, 24.) Ramirez says that, throughout her employment, she was able to execute the essential functions of her job duties and responsibilities, performing at levels that were either satisfactory or above satisfactory. (*Id.* ¶¶ 26, 27.) Indeed, Ramirez maintains she "excelled at the performance of the essential functions of her position." (*Id.* ¶ 33.) In March

---

[1] The Court accepts the complaint's *factual* allegations, as set forth below, as true for the purposes of evaluating Walmart's motion to dismiss. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

[2] Ramirez additionally mentions that she also "performs duties as a member of the cleaning crew" for Walmart but it's unclear at what point, relevant to this case, that she held that position. (*Id.* ¶ 3.)

2021, a thirty-year-old Walmart employee, referred to in the complaint only as "Jessica," became Ramirez's supervisor. (*Id.* ¶ 12.) Although newly hired employees were usually assigned the night shifts, Jessica switched Ramirez's schedule from mornings to nights. (*Id.* ¶¶ 13, 14.) When Ramirez commented on the change, explaining to Jessica that new employees are usually assigned to the night shifts, Jessica told Ramirez "that her years of experience[] were worthless, she did not care how **old** Plaintiff was, and that she was going to make Plaintiff work nights anyways." (*Id.* ¶ 14 (emphasis in original).) Jessica also threatened Ramirez that "her hours would be reduced and she would lose her full-time benefits" if she didn't accept the schedule change. (*Id.* ¶ 15.)

That same month, Jessica wrote Ramirez up, critical of Ramirez's failure to supervise and instruct new employees even though Ramirez was not herself a supervisor. (*Id.* ¶ 16.) A few months later, in May, Ramirez says she was "sexually harassed" and "victimized" by another Walmart employee, whom she identifies as "R. Perez," who "sexually touched" her while she was cleaning a freezer. (*Id.* ¶ 17.) Ramirez says she "reported the sexual harassment to Defendant through Plaintiff's manager" but that "nothing was done," with "Management" telling her that "the harassment must have occurred because there was an inappropriate relationship between [Ramirez] and Perez." (*Id.* ¶¶ 18; 48 ("Defendant failed to conduct an investigation in[]to the sexual harassment.").) A few days after reporting the incident, Ramirez was written up again by "this same supervisor"—presumably Jessica—which Ramirez characterizes as "clearly in retaliation for her complaints of discrimination and sexual harassment." (*Id.* ¶ 19.)

Also in May, on the 15th, Ramirez asked for time off, until May 25. (*Id.* ¶ 20.) Although another supervisor, identified only as "Jonathan," approved the leave, Ramirez learned, on May 22, that she was nonetheless scheduled to work on those days. (*Id.* ¶¶ 21, 22.) When Ramirez complained about the conflicting information regarding her approved days off, "Human Resources" told her that there would be an investigation. (*Id.* ¶ 23.) Several days later, on June 3, Ramirez was told that, because she had failed to come into work (on the days off that Jonathan had previously approved), her employment was terminated. (*Id.* ¶ 24.)

As a result of her termination, Ramirez filed a charge of employment discrimination with the Equal Employment Opportunity Commission and received a notice of her right to sue. (*Id.* ¶¶ 7, 8.) Thereafter, she initiated this case, claiming that she was terminated based on age "and/or" gender discrimination and in retaliation for complaining about being sexually harassed. (*Id.* ¶ 25.) She also maintains that any possibly nondiscriminatory

reasons that Walmart might assert, justifying her termination, are merely pretextual. (*Id.* ¶¶ 28, 36, 50.)

**2. Legal Standard**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing the legal sufficiency of a complaint's allegations, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

**3. Discussion**

Ramirez fails to allege facts that would allow the Court to draw the reasonable inference that Walmart either discriminated or retaliated against her.

**A. Ramirez does not allege facts showing that she suffered differential treatment based on her age or sex.**

Ramirez insists that she has alleged sufficient facts to survive the dismissal of her claims of age- and gender-based discrimination. (Pl.'s Resp. at 3–5.) In support, she points to several factual and conclusory allegations in her complaint. (*Id.* at 3–4.) Among the factual allegations she relies on are that (1) a young supervisor changed Ramirez's schedule from mornings to nights; (2)

newly hired employees are typically assigned the night shifts; (3) Ramirez informed the young supervisor of this general policy; (4) in response, the young supervisor told Ramirez that her years of experience were worthless, that she didn't care how old Ramirez was, and that Ramirez would be working nights regardless; (5) another employee sexually touched Ramirez while she was cleaning a freezer; (6) Ramirez reported the incident as sexual harassment to Walmart though Ramirez's manager but nothing was done; (7) management chalked up the incident to an inappropriate relationship between Ramirez and the other employee; (8) Ramirez was written up by her supervisor a few days later; (9) Walmart terminated Ramirez on June 3, 2021 and told her it was because she did not come into work on days which another supervisor granted her approval to take off. (Compl. ¶¶ 13, 14, 17–19, 24.) Ramirez also points to several conclusory allegations that she submits ward off dismissal: (1) she was sexually harassed and victimized by another employee; (2) she was written up in retaliation for reporting an incident of sexual harassment; (3) she was terminated based on age discrimination and/or gender discrimination and/or retaliation for complaining about sexual harassment; (4) Walmart discriminated against Ramirez based on her age; and (5) even if Walmart asserts legitimate reasons for its adverse employment actions against Ramirez, her gender was nonetheless a motivating factor. (*Id.* ¶¶ 17, 19, 25, 31, 51.) The Court agrees with Walmart that these allegations are insufficient to state a claim of employment discrimination.

It is unlawful for an employer to "discharge any individual or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).[3] It is similarly unlawful to discharge or otherwise discriminate against an individual "because of such individual's sex." 42 U.S.C. § 2000e–2(a)(1).[4] "[C]omplaints alleging discrimination . . . must meet the 'plausibility standard' of *Twombly* and *Iqbal*." *Henderson v. JP Morgan Chase Bank, N.A.*, 436 F. App'x 935, 937 (11th Cir. 2011). Thus, Ramirez's complaint must contain "sufficient factual matter" to support a reasonable inference that Walmart engaged in intentional discrimination against her in terminating her employment. *Henderson*, 436 F. App'x at 937. Further, the complaint must provide facts showing that "the protected characteristic is the but-for cause of differential treatment." *Babb v. Sec'y, Dep't of Veterans Affairs*, 992 F.3d 1193,

---

[3] "Courts employ the same analysis when evaluating age discrimination claims under the ADEA and FCRA." *Cardelle v. Miami Beach Fraternal Order of Police*, 593 F. App'x 898, 901 n.6 (11th Cir. 2014).

[4] "[B]ecause the FCRA is based on Title VII, decisions construing Title VII apply to the analysis of FCRA claims." *Johnson v. Miami-Dade Cty.*, 948 F.3d 1318, 1325 (11th Cir. 2020).

1205 (11th Cir. 2021) (cleaned up). There are any number of ways Ramirez can satisfy her burden, using "either direct evidence or circumstantial evidence to show . . . discrimination." *Jenkins v. Nell*, 26 F.4th 1243, 1249 (11th Cir. 2022).

As a starting point, Ramirez does not point to any allegations, nor is the Court able to identify any allegations, amounting to direct evidence of discrimination. *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 921 (11th Cir. 2018) ("Direct evidence is evidence, that, if believed, proves the existence of discriminatory intent without inference or presumption.") (cleaned up); *Harris v. Pub. Health Tr. of Miami-Dade Cnty.*, 21-11016, 2023 WL 6451164, at *2 (11th Cir. Oct. 4, 2023) ("[O]nly the most blatant remarks, whose intent could be nothing other than to discriminate, constitute direct evidence of discrimination.") (cleaned up); ("While statements made by a decisionmaker— *i.e.*, the one who ultimately fired, demoted, or punished the plaintiff—may constitute direct evidence, remarks by non-decisionmakers or remarks unrelated to the decisionmaking process itself are not direct evidence of discrimination.") (cleaned up).

Since Ramirez does not set forth any allegations of direct evidence of discrimination, one way she could state her discrimination claims, through circumstantial evidence, is by pleading facts that would establish Walmart's discrimination through the *McDonnell Douglas* framework. *See Jaffe v. Birmingham Gastroenterology Associates, P.C.*, 2:20-CV-01821-KOB, 2021 WL 4220356, at *2 (N.D. Ala. Sept. 16, 2021) ("[T]he traditional methods of proving Title VII claims remain relevant, as helpful guides to the determination of the issue.") (cleaned up). Under the *McDonnell Douglas* framework, a plaintiff bears the burden of establishing a prima facie case of discrimination by demonstrating (1) membership in a protected group; (2) an adverse employment action; (3) qualification for the job in question; and (4) either replacement by or less favorable treatment than a similarly situated individual outside the plaintiff's protected class. *Jenkins*, 26 F.4th at 1249. Ramirez has utterly failed to plead facts that would allow the Court to reasonably infer that she satisfies the fourth prong.

As to this fourth prong, Ramirez "must identify a comparator outside of [her] protected class who was similarly situated in all material respects, yet was treated more favorably under the same circumstances." *Hester v. Univ. of Alabama Birmingham Hosp.*, 798 F. App'x 453, 457 (11th Cir. 2020) (cleaned up). In opposition to Walmart's motion, Ramirez doesn't deny that her allegations do not identify any comparators. (Pl.'s Resp. 5–7.) Instead, she raises two points. First, she says, in order to survive dismissal, she is not *required* to set forth allegations establishing a prima facie case under the

*McDonnell Douglas* framework. While this is a correct statement of the law, Walmart's point was only that, to the extent the *McDonnell Douglas* framework was one way Ramirez *could* establish her case, her allegations are insufficient to do so—a contention that Ramirez does not appear to dispute. Second, Ramirez focuses on her disagreement with the Eleventh Circuit's test for determining the sufficiency of comparators, complaining that the court's test is overly rigorous and exacting. Since Ramirez acknowledges that she "need not plead each element of the prima facie case," under the *McDonnell Douglas* framework, her protestations about the standard applied in the Eleventh Circuit are neither here nor there.

      Without any allegations that amount to direct evidence of discrimination or any allegations that would establish a prima facie case under the *McDonnell Douglas* framework, all that is left is whether Ramirez's allegations taken together, otherwise "present[] a convincing mosaic of circumstantial evidence that would allow [the inference of] intentional discrimination by the decisionmaker." *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011) (cleaned up). A plaintiff may meet this standard by showing, "among other things, (1) suspicious timing, ambiguous statements, and other bits and pieces from which an inference of discriminatory intent might be drawn, (2) systematically better treatment of similarly situated employees, and (3) that the employer's justification is pretextual." *Lewis v. City of Union City, Ga.*, 934 F.3d 1169, 1185 (11th Cir. 2019) (cleaned up). "The 'convincing mosaic' method of proof can be a fallback for plaintiffs," like Ramirez, "who fail to allege a similarly situated comparator under *McDonnell Douglas*." *Jaffe*, 2021 WL 4220356, at *4.

      Again, Ramirez's allegations come up short. Many of the allegations she relies on are purely conclusory: "Plaintiff was terminated based on age discrimination and/or gender discrimination/sexual harassment" (Compl. ¶ 25); "The discrimination of Plaintiff by Defendant was on the basis of Plaintiff's age" (*id.* ¶ 31); and "Plaintiff's gender . . . was a motivating factor for Defendant's adverse conduct toward Plaintiff and Plaintiff's termination" (*id.* ¶ 51). And the factual allegations Ramirez presents fail to coalesce into creating a reasonable inference of either age or gender discrimination. While the Court agrees Ramirez has likely alleged facts allowing the Court to infer that Walmart's reason for her termination was pretextual—Walmart told Ramirez she was fired for not coming in on days that a supervisor specifically approved her to have off—that appears to be the full extent of her case. Ramirez has not otherwise set forth any facts whatsoever indicating any differential treatment based on her gender, and her age-related allegations are wholly insubstantial. Indeed, to the extent she supplies any age-related allegations at all, those

Case 1:23-cv-22444-RNS   Document 18   Entered on FLSD Docket 10/30/2023   Page 7 of 10

allegations more likely imply a *lack* of discrimination, if anything: Ramirez describes a "young supervisor" who assigned Ramirez to the night shift, who pointedly told Ramirez she did *not* care how old Ramirez was, and that the supervisor was not going to take into consideration Ramirez's years of experience in setting Ramirez's schedule. Without more, the Court cannot possibly infer discriminatory intent based on this short list of unremarkable facts. Ramirez's allegations fall far short of painting a "convincing mosaic" that her termination was motivated by any kind of discrimination against her: it hardly amounts to a mosaic at all, never mind a convincing one. *See Taylor v. Farm Credit of N. Florida, ACA*, 4:20-CV-59-AW-MJF, 2021 WL 5148022, at *5 (N.D. Fla. Oct. 6, 2021) (describing a mosaic, in the context of a discrimination claim, as "compris[ing] many parts which combine to form an overall picture").

In summary then, Ramirez has failed to plead facts sufficient to indicate Walmart's treatment of her was motivated by discriminatory animus. Ramirez herself appears to concede as much by failing to adduce any real opposition to Walmart's basic arguments. *See Lisa, S.A. v. Gutierrez Mayorga*, 240 F. App'x 822, 824 (11th Cir. 2007) ("Failure to raise an issue, objection or theory of relief in the first instance to the trial court generally is fatal.") (cleaned up); *see also Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 (10th Cir. 2001) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. The court will not do his research for him.") (cleaned up). And, upon review, the Court readily finds that Rodriguez's allegations amount to, at best, nothing more than legal conclusions and formulaic recitations of the elements of discrimination claims. While "these allegations might have survived a motion to dismiss prior to *Twombly* and *Iqbal*[,] now they do not." *Ansley v. Florida, Dept. of Revenue*, 409CV161-RH/WCS, 2009 WL 1973548, at *2 (N.D. Fla. July 8, 2009) (requiring a "plaintiff in an employment-discrimination case [to] allege facts that are either (1) sufficient to support a plausible inference of discrimination, or (2) sufficient to show, or at least support an inference, that he can make out a prima facie case under the familiar burden-shifting framework set forth in *McDonnell*"). Accordingly, the Court finds Ramirez has failed to state a claim as to either count one or two.

### B. Ramirez does not allege facts showing that Walmart retaliated against her.

In counts two and four, Ramirez submits that Walmart "unlawful[ly] retaliat[ed] after Plaintiff reported unlawful employment practices adversely

affecting her under the FCRA." (Compl. ¶¶ 41, 57.)[5] In argument, Ramirez specifies two distinct incidents of alleged retaliation: one related to her reporting to her manager that she had been sexually harassed by another employee (*id.* ¶ 18) and the other related to her complaining to human resources that she was scheduled to work on days that she had been approved to have off (*id.* ¶ 23). According to Ramirez, Walmart did nothing to address the alleged sexual harassment, in response to her report, telling her only that the incident must have been the result of an inappropriate relationship between her and the other employee. (*Id.* ¶ 18.) And then, only a few days later, Ramirez says she was "written up . . . in retaliation for her complaints of discrimination and sexual harassment." (*Id.* ¶ 19.) Regarding her complaint to human resources, Ramirez was told there would be an investigation and then, on June 3, 2021, she was terminated. (*Id.* ¶¶ 23, 24.) According to Ramirez, this is enough for her retaliation claims to survive dismissal. (Pl.'s Resp. at 7.) The Court disagrees.

The parties do not dispute that "[t]o establish a prima *facie case* of retaliation . . . a plaintiff must show: (1) that she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) the adverse action was causally related to the protected activity." *Greene v. Sch. Bd. of Broward Cnty.*, 13-62644-CIV-MORENO, 2014 WL 3950387, at *3 (S.D. Fla. Aug. 12, 2014) (Moreno, J.). Regarding the third element, causation, the parties also appear to agree that "a plaintiff must show that the decision-maker was aware of the protected conduct." *Uppal v. Hosp. Corp. of Am.*, 482 F. App'x 394, 397 (11th Cir. 2012).

Here, Ramirez fails to allege that the person making the decision to terminate her was aware of either her sexual-harassment report or her complaint to human resources about being scheduled to work on her days off. As Walmart points out, Ramirez fails to identify who made the decision to terminate her or, importantly, that that person—the decisionmaker—was at all aware of Ramirez's various complaints. In response, Ramirez points to her allegation that she reported the sexual-harassment incident to her "manager" and that "Management" thereafter responded by telling her that "the harassment must have occurred because there was an inappropriate relationship." (Pl.'s Resp. at 7 (citing Compl. ¶ 18).) But these do not amount to facts that actually link the person or people to whom Ramirez reported her complaints and the person who made the decision to terminate her. Instead,

---

[5] Although count two is titled "HOSTILE WORK ENVIRONMENT," both counts two and four nonetheless appear to set forth only retaliation claims. Notably, Ramirez does not deny that she has not presented any allegations supporting a hostile-work environment.

Ramirez refers only to "Defendant" and "Management," generally, failing to identify or even describe any particular individuals to whom she lodged her complaints or who made the decision to fire her, never mind that the decisionmaker was aware of the complaints and that that awareness was the cause of the termination. Proffering only that "someone in the organization knew of the protected expression" is not enough, "instead, the plaintiff must show that the person taking the adverse action was aware of the protected expression." *Jones v. Miami-Dade Cnty.*, 0320674CIV-ALTONAGA, 2005 WL 2456869, at *5 (S.D. Fla. July 29, 2005) (Altonaga, C.J.) (granting summary judgment in the defendant's favor on a retaliation claim); *see also Tidwell v. Deloitte Consulting, LLP*, 113CV04100ODELTW, 2014 WL 12845595, at *5 (N.D. Ga. July 24, 2014), *rep. & rec. adopted,* 1:13-CV-4100-ODE-LTW, 2014 WL 12845611 (N.D. Ga. Aug. 18, 2014) ("As to the knowledge requirement, in order to survive a motion to dismiss, a plaintiff must allege sufficient facts to both identify the decisionmaker with respect to any adverse action and suggest his or her awareness of a plaintiff's protected activity.).

In argument, Ramirez insists that "[u]ltimately the decisionmaker was a representative of Walmart Inc. already on notice of the treatment as was previously reported to **Management**." (Pl.'s Resp. at 7 (emphasis in original).) But this is not enough. First, a plaintiff "cannot amend the complaint in a response to a motion to dismiss." *Tsavaris v. Pfizer, Inc.*, 1:15-CV-21826-KMM, 2016 WL 375008, at *3 (S.D. Fla. Feb. 1, 2016) (Moore, C.J.). Additionally, even if these allegations had been included in her pleading, Ramirez's complaint would still fall short of stating a claim for retaliation: again, her conclusory allegations fail to indicate "that the corporate agent who took the adverse action was aware of the plaintiff's protected expression." *Raney v. Vinson Guard Serv., Inc.*, 120 F.3d 1192, 1197 (11th Cir. 1997). As the Eleventh Circuit has explained, this "requirement rests upon common sense": "[a] decision maker cannot have been motivated to retaliate by something unknown to him." *Brungart v. BellSouth Telecommunications, Inc.*, 231 F.3d 791, 799 (11th Cir. 2000). Ramirez's vague reference to a generic "decisionmaker" whom she conjectures was "already on notice of the treatment," simply because that "treatment" has previously been reported to "Management," is far too speculative to allow the court to draw the reasonable inference that that there was a "causal relationship between the protected conduct and the adverse employment action." *Uppal*, 482 F. App'x at 397; *Matamoros v. Broward Sheriff's Office*, 2 F.4th 1329, 1337 (11th Cir. 2021) ("Without some showing of awareness, the causal chain falls apart and the claim fails."). Ultimately, without otherwise alleging facts showing that the protected activity was related to the adverse action, Ramirez's complaint fails to survive dismissal.

**4. Conclusion**

For the foregoing reasons, the Court **grants** Walmart's motion (**ECF No. 12**), thus **dismissing** Ramirez's case, **with prejudice** and **without leave to amend**. *See Wagner v. Daewoo Heavy Industries Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."); *Avena v. Imperial Salon & Spa, Inc.*, 17-14179, 2018 WL 3239707, at *3 (11th Cir. July 3, 2018) ("[W]e've rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend.")

The Clerk is directed to **close** this case. Any pending motions are denied as moot.

**Done and ordered**, at Miami, Florida, on October 30, 2023.

_____
Robert N. Scola, Jr.
United States District Judge